UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

FERNANDO GARCIA GARDUNO,

      Petitioner,

    v.                                   CAUSE NO. 3:26cv215 DRL-SJF

WARDEN *et al.*,

      Respondents.

OPINION AND ORDER

Immigration detainee Fernando Garcia Garduno, by counsel, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, alleging he is being unlawfully detained in violation of the laws or Constitution of the United States. For the following reasons, the court grants the petition.

The parties agree that Mr. Garcia Garduno is citizen of Mexico who entered the United States without inspection. It can be discerned from immigration records that he has been here since at least 2012, which is when he first came to the attention of immigration officials after being arrested for a traffic offense in Kentucky. Removal proceedings were initiated against him but took a convoluted path. Relief was denied by the agency; but, after he filed a petition for review, the Sixth Circuit Court of Appeals in 2021 remanded the case for further consideration of his application for cancellation of removal. For reasons not disclosed in the record, the Board of Immigration Appeals (BIA) closed the case in 2023, and then reopened it in February 2026 and remanded it to an immigration judge for further

proceedings. The respondents agree that Mr. Garcia Garduno's removal proceedings remain pending and do not argue that he is subject to a final order of removal.

In July 2025, Mr. Garcia Garduno was arrested in Kentucky for another traffic offense, and local enforcement notified immigration officials that he did not appear to have legal status in the United States. He was then taken into custody by United States Immigration and Customs Enforcement (ICE) agents in Louisville, Kentucky. He was subsequently transferred to Miami Correctional Facility, where he is being held pending the conclusion of his removal proceedings. He argues his detention violates applicable statutes and the Fifth Amendment's Due Process Clause. He seeks immediate release from custody.

In an order to show cause, the court directed the respondents to answer the petition in light of *De Jesús Aguilar v. English*, No. 3:25cv898 DRL-SJF, 2025 WL 3280219, 8 (N.D. Ind. Nov. 25, 2025), *appeal docketed*, No. 26-1145 (7th Cir. Jan. 26, 2026), which joined a large majority of other courts in concluding that § 1225(b)(2) does not apply to noncitizens when they are not "seeking admission" within the statute's meaning. *See also Singh v. English*, No. 3:25cv962, 2025 WL 3713715, 5 (N.D. Ind. Dec. 23, 2025) ("In short, under § 1225(b)(2), an alien must be an 'applicant for admission,' and the alien must be 'seeking admission,' and an examining immigration officer must determine that this alien 'is not clearly and beyond a doubt entitled to be admitted' for mandatory detention to occur under this subsection."). The respondent—really just his current custodian by law because the others are named unnecessarily—was instructed to address why this case differs from *Aguilar*, why the court should examine subject matter jurisdiction differently, and whether there is cause to address the outcome differently. That response has been filed, as has Mr. Garcia Garduno's reply.

As a preliminary matter, Mr. Garcia Garduno was ordered to show cause why every respondent but the Miami Correctional Facility Warden, the only respondent who exercises "day-to-day control" over him, should not be dismissed under *Kholyavskiy v. Achim*, 443 F.3d 946, 952 (7th Cir. 2006). Relying on *Rumsfeld v. Padilla*, 542 U.S. 426 (2004), the court of appeals concluded the proper respondent in an immigration habeas case challenging the constitutionality of a petitioner's confinement is the warden of the facility where the petitioner is being held, not a supervisory official who has the authority to free the petitioner. *See also Doe v. Garland*, 109 F.4th 1188, 1192 (9th Cir. 2024); *Anariba v. Dir. Hudson Cnty. Corr. Ctr.*, 17 F.4th 434, 444 (3rd Cir. 2021). Mr. Garcia Garduno acknowledges that under circuit precedent the Warden is the proper respondent. The court concludes that dismissal of the non-custodial respondents is appropriate.[1] For the sake of clarity, the court refers to the responding party as the Warden from this point forward.

The Warden (through his federal counsel) repeats his arguments from *De Jesús Aguilar* and other recent cases that the court lacks jurisdiction over the petition and that Mr. Garcia Garduno's detention is authorized by § 1225(b)(2). These arguments were rejected in *Aguliar* and *Singh* (and other decisions). *See Singh v. English*, No. 3:25cv962, 2025 WL 3713715 (N.D. Ind. Dec. 23, 2025) (Leichty, J.); *see also Mejia Diaz v. Noem*, No. 3:25cv960, 2025 WL 3640419 (N.D. Ind. Dec. 16, 2025) (Brisco, J.). The court continues to be of the view

---

[1] He expresses concerns about preserving his right to seek relief from these individuals "if necessary," but the court is not adjudicating any claims he may have against them, and instead is dismissing them as improper parties to the litigation.

3

that jurisdiction is secure insofar as this opinion goes, and that § 1225(b)(2) cannot reasonably be interpreted in the manner urged by the government.

Notably, the court of appeals recently held in deciding a motion for a stay pending appeal that the government was not likely to succeed on the merits of its argument that the mandatory detention provision contained in § 1225(b)(2) applies to individuals who are arrested in the interior of the United States. *See Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1061 (7th Cir. 2025). Though preliminary, that opinion offers early echoes of what this court has done. The court also read the split decision in *Buenrostro-Mendez v. Bondi*, 2026 WL 323330 (5th Cir. Feb. 6, 2026). This opinion, together with others, illustrates just how complicated this patchwork of statutes is, but the court remains persuaded in its current course under *Aguilar* and *Singh* until guidance comes from this circuit.

That leads the court to 8 U.S.C. § 1226(a), the "default rule" for detention of noncitizens who are "already present in the United States." *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018). "On a warrant issued by the Attorney General, an alien may be arrested and detained" while removal proceedings are pending, and the Attorney General "(1) may continue to detain the [noncitizen]; and (2) may release the [noncitizen] on (A) bond . . . or (B) conditional parole" until removal proceedings conclude. 8 U.S.C. § 1226(a). The court, as it always does, begins with the statute's plain language. It is permissive, not mandatory, and it affords an election (insofar as the limitations in § 1226(c) do not apply of course).

It seems no warrant was issued here. Mr. Garcia Garduno is unaware of an arrest warrant, and the Warden does not argue there was one and does not produce one, even

4

though he was directed to submit "any administrative warrant issued for [Mr. Garcia Garduno's] arrest pursuant to 8 U.S.C. § 1226(a)" along with the response.[2]

Warrantless arrests are permitted by statute only when certain conditions are met, such as when an ICE official personally witnesses a noncitizen attempting to enter the United States, or when an official has reason to believe a noncitizen has no right to be in the United States and is "likely to escape before a warrant can be obtained." 8 U.S.C. § 1357(a)(2). The Warden does not argue these preconditions exist here so as to authorize Mr. Garcia Garduno's detention under a statutory provision other than § 1225(b)(2). It would be inappropriate for the court, as a neutral arbiter, to construct arguments for the parties. *See Clark v. Sweeney*, 607 U.S. 7, 9 (2025) (party presentation rule).

Mr. Garcia Garduno has met his burden of showing a "deprivation of rights leading to unlawful detention." *Espinoza v. Sabol*, 558 F.3d 83, 89 (1st Cir. 2009). Without being dismissive of any worthy goals that might be achieved through the concerted enforcement of our immigration laws, both noncitizens and the government alike must comply with these laws, as they are written and as they must work within constitutional demands. Whether the government might secure a warrant and rearrest him at or after his release and thus proceed under § 1226(a), that has not occurred today. That leaves the court with only

---

[2] Mr. Garcia Garduno has the burden to show his entitlement to habeas relief, though the court may order a respondent, and occasionally does order a respondent in the world of habeas corpus, to produce necessary portions of the record to enable the court to understand facts and to rule on the petition's issues, without ever shifting that burden. *See, e.g., Martinez v. Hyde*, 792 F. Supp.3d 211, 223 (D. Mass. 2025).

one option—Mr. Garcia Garduno must be released until his removal status changes or until the government pursues another option.[3]

For these reasons, the court:

(1) DISMISSES United States Attorney General Pamela Jo Bondi, United States Secretary of Homeland Security Kristi Noem, Acting Director of United States Immigration and Customs Enforcement Todd M. Lyons, and Interim Director of United States Immigration and Customs Enforcement Chicago Field Office Samuel Olson as respondents;

(2) GRANTS the petition for a writ of habeas corpus [ECF 1] and ORDERS the Warden to release Brandon Garcia Garduno immediately from custody and to certify compliance with this order by filing a notice with the court by **March 20, 2026**;

(3) DIRECTS the clerk to email forthwith today a copy of this order to the Warden of the Miami Correctional Facility at the Indiana Department of Correction to secure Brandon Garcia Garduno's release; and

(4) ORDERS that any fee petition should be filed within the deadline set by the Equal Access to Justice Act, 28 U.S.C. § 2412.

SO ORDERED.

March 19, 2026                              *s/ Damon R. Leichty*
                                           Judge, United States District Court

---

[3] Because the court concludes that Mr. Garcia Garduno's detention is unlawful under the applicable statutory scheme, the court does not reach his alternate argument under Fifth Amendment due process. *See K.C. v. Individual Members of Med. Licensing Bd. of Ind.*, 121 F.4th 604, 631 (7th Cir. 2024) ("Courts should avoid resolving cases on constitutional grounds when they can be fairly resolved on statutory grounds."). Additionally, because the court is ordering release from custody rather than making a determination about entitlement to a bond hearing, the court does not reach the Warden's argument that Mr. Garcia Garduno did not exhaust a request for bond within the agency.